# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**DAVID RANDOLPH GRAY. #01440**                    **PETITIONER**

**v.**                              **CAUSE NO. 1:19-cv-46-HSO-JCG**

**STATE OF MISSISSIPPI**                          **RESPONDENT**

### ORDER OF TRANSFER PURSUANT TO 28 U.S.C § 1631

This matter comes before the Court, sua sponte, for consideration of the transfer of this case.   Petitioner David Randolph Gray, #01440 ("Petitioner"), an inmate of the South Mississippi Correctional Facility, Leakesville, Mississippi, brings this pro se Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. Pet. [1] at 1.   After reviewing the Petition [1] in conjunction with relevant legal authority, the Court finds that the Petition constitutes an unauthorized successive petition.

Petitioner was convicted of murder and was sentenced to life imprisonment without parole in the custody of the Mississippi Department of Corrections.   Pet. [1] at 1.   Petitioner states that he "is not challenging the conviction nor the life sentence, 'only challenging the habitual enhancement of the defective indictment.'" *Id*. at 12.   Petitioner asserts that he is entitled to habeas relief based on the following:   (1) the indictment was defective; and (2) he received an illegal sentence. *Id*. at 5.

Petitioner states that he has previously filed a petition for habeas relief in this Court.   Pet. [1] at 3.   A review of Court records reveals that Petitioner did in fact

previously file a petition for habeas corpus relief challenging this same conviction and sentence. *Gray v. Johnson*, No. 1:00-cv-132-WJG (S.D. Miss. Mar. 9, 2001). Gray's previously filed habeas petition was dismissed on March 9, 2001, on grounds that it was time-barred. *Id.*, ECF [18] at 4. The United States Court of Appeals for the Fifth Circuit denied Gray's certificate of appealability to appeal that decision. *Gray v. Johnson*, No. 01-60322 (5th Cir. Aug. 28, 2001).

A petitioner who files a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). "Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." *Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009).

The Fifth Circuit defines "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* at 220 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)) (internal quotations omitted).

The Fifth Circuit has held that where a petition has been dismissed as time-barred, a subsequently filed petition for habeas relief is successive. *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (finding a petition is successive when a previous petition is dismissed as time-barred). Gray's Petition for habeas relief is successive, and he has failed to submit any documentation demonstrating that he

has obtained the required authorization from the Fifth Circuit to file this successive Petition. In the interests of justice, pursuant to 28 U.S.C. § 1631, the Court finds that this matter should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination regarding whether this successive Petition should be permitted. *In re Epps*, 127 F.3d 364 (5th Cir. 1997).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner David Randolph Gray's Petition [1] for habeas corpus relief be, and the same hereby is, **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**IT IS, FURTHER, ORDERED** that the Clerk of Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED AND ADJUDGED,** this the 10th day of April, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE